BALTIMORE & O. R. CO. v. ANDERSON.

(Circuit Court of Appeals, Sixth Circuit. February 8, 1898.)

No. 546.

1. RAILROAD CROSSING STREET—RIGHTS OF PUBLIC THEREON.
Where a railroad intersects a street at right angles, the public have a right to use the tracks as a means of crossing the street from one sidewalk to the other, using due care not to be in the way of trains.

2. NEGLIGENCE OF ONE ON RAILROAD TRACK—LIABILITY OF COMPANY.
The negligence of one on a railroad track at a crossing of a public highway, in front of a moving train, will not relieve the company from liability if, by due care, the engineer and fireman might have stopped the train, and thus avoided injuring him, after they saw, or ought to have seen, his dangerous position.

3. PROXIMATE CAUSE OF INJURY—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.
Plaintiff, attempting to cross a street on defendant's track, in front of an approaching train, caught his foot in a dangerous hole in the wooden platform which formed the intersection of the track and street, and was injured by the train. Held, that the court properly left to the jury the question whether defendant was negligent in allowing the defect in the platform, and whether the proximate cause of the accident was plaintiff's negligence in crossing in front of the train, or his being caught in the hole, and directing a verdict for plaintiff only in case defendant's negligence was the cause of the defect in the platform, and the defect was the proximate cause of the accident.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Ohio.

This is a writ of error from the judgment of the circuit court for the Northern district of Ohio. The action was for damages for personal injury. The plaintiff was a newsboy in the town of North Baltimore, Ohio. The accident occurred in May, 1892, about 4 o'clock in the afternoon. The plaintiff, then a boy of about 12 years of age, had obtained his newspapers at the post office, on the north side of the intersection of the main street of North Baltimore and the defendant's railway tracks. At this point the railway tracks run east and west, and the main street runs north and south. The station of the railway company lies east of the intersection. The course of the plaintiff was from the post office, on the east side of the main street, south across the tracks. About the time that he left the post office, an engine, with a heavy freight train,

was pulling out of the switch in front of the railway station, and was about to cross the main street. The gates were down. The plaintiff, with his newspapers, ran down on the east side of the street until he came within a few feet of the track, when he attempted to cross the street by the wood platform, which formed the intersection between the railroad tracks and the street. He seems to have proceeded diagonally across the platform. There was a conflict in the evidence as to how near to the street the locomotive of the freight train had come at the time the boy attempted to cross the track. When he reached the south rail of the track, about the middle of the street, his foot was caught in the opening between the platform and the rail. The evidence for the plaintiff tended to show that this opening was larger than it should have been; that the wood of the platform opposite the rail had been split off, making a hole a foot long, and between three and four inches in width, at the end of which there was a spike so situate that it caught the plaintiff's foot, and held it fast. The plaintiff introduced evidence to show that his crossing was so far in advance of the train that, had either the engineer or the fireman been looking out, the train might have been stopped after the boy was caught, in time to save him. The evidence of the defendant tended to show that the boy did not start across the track until the pilot or cow catcher of the engine had reached the sidewalk of the street, and that what he attempted to do really was to run around the front of the engine. The contention for the defendant was that the road was muddy, and that the boy was merely using the railway track as a means of crossing the muddy street, and that the public had no right to use the track for this purpose, and were obliged to confine their use of it to crossing the track at right angles. Against the objection of defendant, evidence was introduced by plaintiff to show that it was customary for people to cross the street at that point upon the railway track from sidewalk to sidewalk. The plaintiff testified that he had no knowledge of the defect in the platform. It appeared that the platform was in the care of the railway company.

The defendant excepted to two passages of the charge of the court. The first passage was as follows: "Now, I am disposed to deal with the last proposition, or the last question, first, and that is whether or not the defendant is liable, because, when the plaintiff attempted to cross at the place, he either fell or lost his motion, so that he had no longer control of himself; whether or not in that condition of things the defendant did see, by its servants and agents in control of the engine, or, by the exercise of that caution which the law requires that it should exercise, could have seen, his condition in time to have averted the accident. Now, the law requires, as a common-law duty, that when an engine is approaching a crossing known to be used by the public, that there should be some one on the engine, on the lookout, watching ahead, in a position to see whether any one is on the track liable to be hurt, and, if so, to use every appliance and every means known to the art of moving the locomotive engine to stop the engine and prevent an accident, if it can be reasonably done. That duty arises only when it becomes apparent to one-on the lookout; and what would be the same thing is, if one on the lookout, and using reasonable care, could have seen the thing, it is the same as if it had been seen. Whereas, of course, as I said to you before, if the defendant, by, having some person on the lookout, observing, could have seen that he had lost control of himself on the track, in sufficient time to have, by using all the means known to the management of locomotive engines, prevented the accident, it was its duty to do it, and, if it failed to do it, it would be liable." The second passage was as follows: "Now, that is a question for you to decide. What caught the boy? Are you satisfied of that by a preponderance of the testimony? Notwithstanding he might have undertaken to cross so close to that engine as that the ordinary accident would not make the company liable, such as having just struck him and run over him, because I have said to you in that event the defendant would not be liable; but with his foot getting fast, and his inability to release himself, did that cause him to be run over, instead of his effort to cross the track too close to the train? If so, and you find that it was a dangerous defect about which the company was negligent, as explained to you, then your verdict should be for the plaintiff." The defendant further requested the court to deliver certain charges, which the court refused to deliver. They were as follows: "(1) If the plaintiff, instead of crossing the railroad track, was

crossing the street, running or walking between the rails and on the planking, for the purpose of avoiding the mud, his purpose being to cross the street on such planking from east to west, and, while so doing, caught his foot in a hole in the planking, and fell and received the injuries, he cannot recover in this case. (2) The defendant was not bound to anticipate that the plaintiff would attempt to run longitudinally on its track in front of an approaching engine, as the plaintiff testifies he did, for the purpose of crossing from one side of the street to the other; and even though there was a piece split or slivered off of the side of the plank, as claimed by the plaintiff, by which his foot was caught, causing him to fall, and while his foot was so fastened he was run over by defendant's engine, there can be no recovery in this case. (3) There is no evidence in this case worthy the consideration of the jury proving or tending to prove that the fact that there was a piece split or worn off of the side of one of the boards in this crossing was the cause of the injury to the plaintiff, and the jury is therefore instructed to find for the defendant. (4) Under the facts and circumstances of this case, the defendant owed the plaintiff no duty except that of avoiding injuring him willfully; and there is no evidence in this case, worthy the consideration of the jury, tending to prove, or proving, that the injury to the plaintiff was willful on the part of the agents and servants of the defendant; and, if there were such evidence, there can be no recovery in this case upon that ground, for the reason that the charge against the defendant is that of negligence merely."

J. H. Collins, for plaintiff in error.

W. W. Skiles, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The main street of North Baltimore did not cease to be a public highway because the railroad company had laid its tracks across it at that point. The public are entitled to use a highway and cross from one side to the other as they are entitled to use it for longitudinal passage. If the platform constructed by the railway company at the intersection of its tracks with the street was a convenient mode of crossing from one side of the street to the other, we do not see that the railway company has any right to object to such a use. Its only right is to have the travelers upon the public highway observe due caution not to be in the way of its trains when the trains are crossing the highway. We think, therefore, that, if the plaintiff was otherwise exercising due care, his use of the railroad track to cross the street from one side to the other could not make his conduct negligent. A different rule might prevail where the railroad track is constructed along the highway longitudinally, and lies parallel to the course of travel in the street. In such a case, it might very well be held that it was negligence for the traveler along the highway to use the bed of the railroad track, when he might as well and as conveniently use the traveled part of the highway. But we apprehend that no such rule applies where the crossing is at right angles, and the traveler is merely attempting to cross over from one sidewalk to the other. The evidence shows that the street was frequently muddy, and, as the track made a dry crossing, the public used it. We cannot see that this was trespassing on the rights of the company in any way, or that the danger to the public in using such crossing was appreciably increased over what it would be in crossing the track at right angles. We do not think, therefore,

that the introduction of evidence as to the custom of the public was prejudicial to the defendant. Our conclusion upon this point disposes of the exception based on the refusal of the court to give the first and second requests, in which it was assumed, as the law, that the public had no right to use the railway crossing as a means of crossing the street from one sidewalk to the other.

The passage of the charge first excepted to states the law correctly. In that charge the court assumed that the plaintiff was guilty of negligence in crossing the railway track as he did, and then stated to the jury that his negligence would not relieve the defendant from liability if they found that, by due care, the engineer and fireman might have stopped the train after they had seen, or ought to have seen, the position of danger in which the plaintiff, by reason of his negligence, was placed, and could thus have avoided injuring him. The objection on behalf of the defendant to this statement of the law is that there was no obligation on the part of the agents of the railway company to look out for the plaintiff, or to assume that he would put himself in the dangerous place. The plaintiff was one of the public. The obligations upon the public and the railroad company at an intersection of the track with a highway are correlative. Improvement Co. v. Stead, 95 U. S. 161. Neither is relieved from the duty of carefully watching the crossing to avoid accidents by the assumption that the other is doing his or its whole duty at such a place. Blount v. Railroad Co., 22 U. S. App. 129, 9 C. C. A. 526, and 61 Fed. 375; Railroad Co. v. Houston, 95 U. S. 697; Schofield v. Railway Co., 114 U. S. 615, 5 Sup. Ct. 1125. The same obligation on the part of the company does not arise to keep a lookout in cases where the person injured is a trespasser or is not using the highway as a highway. Railroad Co. v. Cook, 31 U. S. App. 277, 13 C. C. A. 364, and 66 Fed. 115; Railroad Co. v. Howe, 6 U. S. App. 172, 3 C. C. A. 121, and 52 Fed. 362. But the broad distinction between the case at bar and such cases is that the plaintiff here was on the highway, where he had the right to be unless there was danger of his being run over by a train of the defendant, and where the defendant was bound to anticipate the possibility of his being when it was using the crossing. This distinction is clearly brought out by Judge Lurton in delivering the opinion of this court in Railroad Co. v. Cook, 31 U. S. App. 288, 13 C. C. A. 367, and 66 Fed. 119. Our conclusion that the first passage of the charge excepted to was correct disposes also of the exception based on the refusal of the court to give the fourth of defendant's requests to charge, which embodies the theory that, if the plaintiff was negligently on the crossing, the railway company was under no obligation to keep a lookout for him.

We come now to the second passage of the charge, which was excepted to. By this passage the court left to the jury the questions —First, whether the defendant was negligent in allowing such a defect in the platform; and, second, whether the proximate cause of the accident was the negligence of the plaintiff in crossing in front of the approaching train or his being caught in the dangerous hole, of the existence of which he was ignorant, and directed a verdict for plaintiff only in case defendant's negligence was the cause of the

defect in the platform, and the defect was the proximate cause of the accident.   The action of the trial court was in accord with the decision of this court in Railway Co. v. Craig, 37 U. S. App. 654, 19 C. C. A. 631, and 73 Fed. 642.   In that case the plaintiff was a switchman, who had been injured while attempting to uncouple two cars by having his foot caught in an unblocked frog, and the liability sought to be imposed on the company was based on its failure to comply with the statute requiring it to block all frogs.   The proper construction of the statute made contributory negligence of the injured person a defense to his recovery for its violation.   The trial court charged the jury that, if he did not know that the frog was unblocked, his negligence in going between the cars when moving at a too rapid rate of speed could not contribute to the accident, because it could not be the proximate cause thereof, but the defective frog must be such proximate cause, and that alone.   The case was reversed on the ground that under such circumstances the question of proximate cause should have been left to the jury.   This is the course which the judge at the circuit took in the case at bar.   He left to the jury to decide whether it was the negligence on the part of the plaintiff in crossing before the engine which proximately caused the accident, or in the fact that his foot was caught in the hole.

No other errors appear in the record, and the judgment of the court below is affirmed.