## TUTWEILER et al. v. LOWERY.

(Circuit Court of Appeals, Sixth Circuit. March 17, 1922.)

No. 3605.

**Street railroads ☞117(35)—Negligence, within last clear chance doctrine, held for jury.**

Plaintiff, when crossing a street midway of a block, stopped between the east and west bound lines of track of defendant's street railroad, where he stood for a minute or more, and while so standing and while his attention was attracted in the opposite direction, he was struck and injured by a car coming from behind him. There was evidence that the car was running at excessive speed, that a passenger saw plaintiff before it reached a cross-street, which was 216 feet from where plaintiff stood, and that no warning was given until the car was within 50 feet of him, and no attempt made to stop it until within 30 feet. *Held*, that the

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

case was for the jury, that while plaintiff was negligent the last clear chance doctrine applied, and that if the motorman saw plaintiff, or should have seen him in the exercise of ordinary care, in time to avoid the collision, and did not, his negligence was the proximate cause of the injury, and this though plaintiff's negligence continued to the time of the injury.

In Error to the District Court of the United States for the Western District of Tennessee; Clarence W. Sessions, Judge.

Action at law by George Lowery against T. H. Tutweiler and F. S. Elgin, receivers of the Memphis Street Railway Company. Judgment for plaintiff, and defendants bring error. Affirmed.

McKinney Barton, of Memphis, Tenn., for plaintiffs in error.

Lindsay B. Phillips, of Memphis, Tenn. (Bell & Phillips, of Memphis, Tenn., on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. Defendant in error was struck and injured by a car while under operation by the receivers of the street railway company. Upon trial to a jury he recovered verdict and judgment on account of the injuries. This writ is to review the judgment. The errors assigned relate solely to the refusal to direct verdict for defendant and to the charge of the court as given.

The evidence, stated, as it must be, in its aspect most favorable to plaintiff, may be thus summarized:

Plaintiff lived on the north side of Poplar avenue, between Evergreen and Auburndale streets, in the city of Memphis, Tenn. Poplar avenue runs east and west; there are two street railway tracks thereon —the northerly track, upon which west-bound cars run, and the south track, for the passage of east-bound cars. The car tracks were inclosed (between intersecting streets) by a so-called "neutral strip," being the space between a curb which separated the north driveway of the avenue from the west-bound track and a curb separating the south driveway from the east-bound track, the space between the curbs being graveled. At street crossings the neutral strips were suspended, the crossings being smooth and uniform with the street pavements. Plaintiff, while on his way home, walked easterly on the south side of the avenue until he reached a point opposite his home. He then looked both east and west and saw no car. He then started across the street, continuing until he reached a trolley wire pole in the central part of the neutral strip (that is to say, between the south rail of the north railway track and the north rail of the south track), at a point 216 feet west of Auburndale street. Hearing an aeroplane, he stopped on the north side of the pole, and between it and the south rail of the west-bound car track, facing southwesterly, with his left hand leaning against the post, which is within 40½ inches of the south rail. His back was thus toward the east. While in this position, and still looking up and watching the aeroplane, he was struck by a west-bound car (thus coming from the rear), whose overhang was 18 to 20 inches. After leaving the pavement he had not looked again for a car because his attention was so attracted by the aeroplane. He had stood in that position two or three minutes before he was struck. He heard no gong

rung, nor any warning to get off the track. Plaintiff was, of course, familiar with the place of the accident, and of the running of the cars, and knew that the proper place to cross was at street crossings. His sight and hearing were normal. The car was running very rapidly; one witness estimating its speed at 30 miles an hour, which was double the ordinance limit.

There was also testimony tending to show that the motorman did not sound the gong after leaving Auburndale street (216 feet east of the place of collision) until when within about 50 feet of the place of collision, when he began to ring the gong vigorously, "hollering" to the plaintiff when the car was about 30 feet away, but making no effort to stop until within 10 or 15 feet of the plaintiff, there being no appreciable decrease in speed from the time the motorman saw plaintiff (50 feet away) until the collision. While there was testimony of several competent witnesses that a car running from 12 to 15 miles an hour on the track in question could not be stopped in less than 50 to 75 feet, there was competent testimony that it ought to be stopped in 20 feet at the point where the accident occurred, and under conditions there existing. There was also testimony that the car did not stop until it had passed 15 or 20 feet beyond the point of collision, and that the car was sliding when it struck plaintiff. There was otherwise evidence tending to show that the motorman, in the exercise of reasonable vigilance, could have seen plaintiff long enough before the collision to have prevented the same. At least one passenger on the car saw plaintiff and his position before the car reached Auburndale street.

There was evidence on defendant's part tending to controvert some of plaintiff's material allegations, but it is unnecessary to set it out. The prominent grounds of negligence relied on were high and dangerous rate of speed and failure to keep proper lookout, as well as to take proper steps to stop the car and avert the accident after danger thereof should, by the exercise of reasonable care, have been apparent. The ground of defendant's motion to direct verdict in its favor were: (1) Absence of any negligence which was a proximate cause of the accident; (2) that the plaintiff was guilty of contributory negligence.

The jury was instructed that plaintiff was negligent in so taking his asserted position, where he would be struck by a street car passing upon the west-bound track, and without giving heed to the approach of the car; that, accordingly, had the accident occurred when plaintiff first reached the position in question, or when the car could have been seen by him approaching in the near distance, he would be barred from recovery, and could, in any event, recover only if the jury should find that—

"After the time that the motorman saw the plaintiff was in a position of danger, or by the exercise of due and reasonable vigilance he could have seen that the plaintiff was in a position of danger, he, the motorman, was negligent."

In other words, the recovery was permitted only under the doctrine of the "last clear chance," which (as interpreted by the rule in Davies v. Mann, 10 Mees. & W. 546) is that—

"The party who has the last opportunity of avoiding accident is not excused by the negligence of any one else. His negligence, and not that of the one first in fault, is the sole proximate cause of the injury."

Defendant contends, however, that, inasmuch as plaintiff's negligence continued to the time of the accident, recovery could be had only for defendant's failure to use due care to avoid injury, after actual discovery of plaintiff's perilous position; that in the absence of such actual discovery the concurrent negligence of both parties is deemed to have contributed directly to the injury, and so forbids recovery. Exceptions to the charge, so far as argued here, as well as the motion to direct verdict, are addressed solely to the court's refusal to so limit the right of recovery.

Upon the broad question presented here there is a conflict of authority, doubtless due in part to the differing circumstances in which the "last clear chance" rule has been applied. In our opinion, however, the decisions neither of the Supreme Court nor of this court assert the rule contended for by defendant, as applied to facts such as exist here, but, on the contrary, so far as applicable to the facts, support the conclusion of the trial court and so justified submission to the jury.

In Inland Co. v. Tolson, 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270, a wharfinger sought recovery against a steamboat company for crushing his foot between the timbers of a wharf in a collision between the latter and the steamboat. Defendant asserted plaintiff's contributory negligence in standing in a dangerous position too near the edge of the wharf. The court charged that such contributory negligence would not preclude recovery, "if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the plaintiff's negligence." The Supreme Court, in affirming the judgment for plaintiff, held the instruction applicable as against defendant's objection that "there was no evidence that the defendant knew the peril of the plaintiff, or had either time or opportunity, by the exercise of any degree of care, to guard against it." Defendant cites the court's remark that the jury might well have thought—

"that the officers of the boat knew just where and how he stood, and might have avoided injuring him if they had used reasonable care to prevent the steamboat from striking the wharf with unusual and unnecessary violence."

But it was not intimated that recovery could not have been had but for defendant's actual knowledge of plaintiff's position; for it was actually seen. There was thus no occasion to consider what would be the case in the absence of such view.

It is true that in Railway Co. v. Schumacher, 152 U. S. 77, 81, 14 Sup. Ct. 479, 38 L. Ed. 361, in denying a right of recovery for injuries to a laborer on a gravel train, incurred while he was riding with his feet hanging over the car, the court, after saying that there was no theory upon which it was proper to submit the case to the jury, said:

"There was no negligence by the defendant shown as occurring subsequent to the negligence of the plaintiff, since his negligence was continuous down to the moment of the injury."

But there is, otherwise, nothing in the opinion to indicate that the doctrine of "last clear chance" was in the mind of the court. But, if

it were, it could have no application to the facts of the case, for the only negligence chargeable against defendant was in backing the train down at too high speed. The opinion, taken in connection with the case of Railroad Co. v. Jones, 95 U. S. 439, 24 L. Ed. 506, which the court spoke of as a case "directly in point, and is decisive of this," showed merely the familiar case of an employé riding in the attitude stated in spite of warnings from the company not to do so, but with alleged knowledge that the employés were not in the habit of observing the warning.

In Chunn v. Railway Co., 207 U. S. 302, 28 Sup. Ct. 63, 52 L. Ed. 219, the plaintiff, while standing on the platform waiting for a car, was struck by another car running in the opposite direction. The trial court directed verdict for defendant on the ground of plaintiff's contributory negligence in standing so near the passing car. Defendant invokes the statement of the Supreme Court, in reversing the judgment (207 U. S. 309, 28 Sup. Ct. 65, 52 L. Ed. 219), to the effect that, even had plaintiff carelessly placed herself in a position of danger, and had defendant discovered it in time to avoid the injury by using reasonable care, its failure to do so, and not the plaintiff's carelessness, might be the sole cause of the injury. But here again no question of failure to observe plaintiff's position of danger was involved. The court expressly said:

That "the motorman took no precaution whatever; he assumed that those who were standing on the platform would take care of themselves, and ran his car by them at full speed as if oblivious of their existence;" and, further, that "the plaintiff had the right to assume that the defendant would not commit such an act of negligence, and that when it stopped one car, and thereby invited her to enter it, it would not run another rapidly by the place of her entrance and put her in peril."

The most that can be claimed by defendant for either of the three cases cited is that they are negative in character so far as concerns the proposition it contends for.

Turning to the decisions of this court: Gilbert v. Erie R. R. Co., 97 Fed. 747, 38 C. C. A. 408, was a railroad crossing case. The declaration alleged that decedent, when 135 feet from the crossing, saw the approaching train and heard it whistle when between 2,600 and 3,000 feet away; that he knew he could make the crossing before the train reached it provided the latter ran at its usual speed, which was known to decedent; that he did not look again in the direction of the train, nor hear any warning of its approach, nor its whistle at an intermediate crossing; that, as it turned out, the train was running at a high and reckless rate of speed; that, when the train approached the crossing, neither the engineer nor the fireman saw decedent, although it was the duty of both to have done so; and that decedent was in full view of both the engineer and fireman after the whistle was so blown, and that, in the exercise of reasonable care "in the management of the train after seeing him, said accident could have been avoided." A demurrer to the declaration was sustained. In the opinion of the court, speaking through Judge (now Mr. Justice) Day, the "last clear chance rule," as interpreted in Davies v. Mann, was quoted with apparent approval (97

Fed. 752, 38 C. C. A. 412), including the statement of that rule as contained in Shearman & Redfield on Negligence:

"It is not necessary that the defendant should actually know of the danger to which the plaintiff is exposed. It is enough if, having sufficient notice to put a prudent man on the alert, he does not take such precautions as a prudent man would take under similar notice."

The text-writer added: "This rule is almost universally accepted." Judge Day in express terms stated this court's understanding of the rule to be deduced from the authorities cited in his opinion to be that—

"Where the plaintiff, by his own negligence, has placed himself in a dangerous position, where injury is likely to result, the defendant, with knowledge, or such notice as is equivalent thereto, of the plaintiff's danger, is bound to use reasonable care and diligence to avoid injuring the plaintiff, and where, by the exercise of such care he could do so, he fails to avoid the injury, this negligence introduces a new element into the case, and renders the defendant liable, because such negligence becomes the direct and proximate cause of the injury." [1]

This language was followed by the statement, cited by defendant:

"We do not think the principle settled in these cases applies to a case where it clearly appears that the injury is the result of the concurrent negligence of the plaintiff and defendant."

But we do not understand the decision to be that defendant's negligence failed of being the proximate cause of the accident, either because plaintiff's negligence continued to the time of the injury or because defendant had not actually discovered plaintiff's peril (as distinguished from breach of duty to use reasonable vigilance to so discover it) in time to prevent collision. The reference to lack of "averment in the petition that the engineer or fireman saw the decedent upon the track, or in a place of imminent danger, in time to have avoided the injury" has, in our opinion, no tendency to the contrary, for not only had the engineer and fireman no reason to expect, from the mere fact that decedent was traveling toward the crossing, that he would actually cross immediately in front of the train, but it was not alleged that the engineer should have seen decedent upon the track or in a place of danger in time to have prevented the accident. Indeed, the declaration affirmatively showed, by necessary inference, that such was not, and could not have been, the case.

The case of Robinson v. Louisville Railway Co., 112 Fed. 484, 50 C. C. A. 357, is, we think, an express authority in support of the action of the court below. A street car struck in the rear a wagon on which plaintiff was riding. Defendant claimed that darkness prevented his seeing the wagon until so near thereto as to make it impossible to stop the car before the collision. Under an instruction that plaintiff was not entitled to recover unless, after he was actually discovered on

---

[1] In Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, at page 429, 12 Sup. Ct. 679, 687 (36 L. Ed. 485), the rule of "last clear chance," as enunciated in Davies v. Mann, was stated to be that "the contributory negligence of the party injured will not defeat the action if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence," citing Inland Co. v. Tolson, supra, and other cases.

the track, the motorman could have avoided collision, defendant had verdict. This court, in reversing the judgment, after holding that it was the duty of the driver of the wagon in front of the car to get out of the way, added:

"But the driver of the car must use care to prevent collisions. It was the duty of the motorman, in the exercise of the care incumbent on him, to ascertain whether the track ahead was clear, and to have his car under such control as to admit of its being stopped after he saw obstructions ahead of him. * * * It follows that if he could, by the exercise of due care, have seen the wagon in which the plaintiff was riding as far as other witnesses testified to have seen it, and if he could, after he should, by the exercise of due care, have seen it, gotten his car under such control as to have prevented the collision, it was his duty to have done so."

It is suggested that the doctrine of last clear chance was not there involved. Reference to the record and briefs in the case indicates otherwise, notwithstanding the principle involved was not in terms so labeled. The Robinson Case, moreover, clearly distinguishes between the liability of a street car company, occupying the streets of a city in common with the public, from that of a steam railroad company with respect to trespassers upon its tracks. We find in the opinion no recognition of the differences suggested by counsel between the case at bar and the Robinson Case, in that in the latter case the "plaintiff was a guest, or at least not in charge of the vehicle of another."

Toledo Traction Co. v. Cameron, 137 Fed. 48, 69 C. C. A. 28, does not seem to be specially in point. The case of Dickson v. Chattanooga Ry. & Light Co., 237 Fed. 352, 150 C. C. A. 366, L. R. A. 1917C, 464, is not authority for defendant's contention. Plaintiff there invoked the last clear chance rule, but this court denied its applicability, for the reason that the plaintiff was a trespasser upon the railway tracks, having lain down there while drunk, and that the motorman was under no obligation to anticipate such use of the track. The court applied the familiar rule that the only duty owing to a trespasser is not willfully or wantonly to injure him. The reference in the opinion to continuing negligence was obiter.

The plaintiff in the instant case was not a trespasser. He had an undoubted right to occupy the streets of the city as he was doing, and to cross the tracks at the point in question. B. & O. R. R. Co. v. Anderson (C. C. A. 6) 85 Fed. 413, 415, 29 C. C. A. 235. His right was that of a traveler, notwithstanding his travel was interrupted in the manner stated.

Nor does Robbins v. Pennsylvania Co., 245 Fed. 435, 440, 441, 157 C. C. A. 597, 603, support defendant's contention. On the contrary, it supports the action of the court below. It is there stated that the doctrine of last clear chance "applies only where the defendant has either actual notice or is fairly chargeable with notice of the peril of the person injured, and negligently fails to avoid the injury." The effect of the added statement that "the rule never applies where the concurrent negligence of both directly contributes to the injury" has been sufficiently discussed in our comments on the Gilbert Case. As was said in the Robbins Case (245 Fed. 441, 157 C. C. A. 602):

"Whether decedent then knew or was chargeable with knowing that the locomotive was approaching, was clearly the ultimate question of fact."

There was no occasion to distinguish between discovery and duty to discover, for it clearly appeared that there was neither. As this court expressly said:

"There is no evidence tending to show that Lang [the engineer] had any reason to anticipate Robbins' sudden turn into the zone of danger, or that thereafter the injury could have been avoided. On the contrary, Robbins' previous conduct warranted the engineer in believing that, in view of the knowledge Robbins had already shown of the approaching locomotive, he would await its passage instead of making the fatal turn, or at least that he would again look for the locomotive's approach and regulate his movements accordingly, * * * and the testimony is positive that Robbins' turn and movement into danger occurred too late to enable the engineer to avoid the injury."

This latter consideration distinguishes the Robbins Case from the instant case. From the decisions referred to it cannot, in our opinion, be said, as applied to a situation such as we have here, that the distinction between proximate cause and concurrent negligence turns solely upon the question whether or not the plaintiff's negligence was continuing.

Defendant's counsel treat the case of B. & O. R. R. Co. v. Anderson, supra, as evidencing an exception to the doctrine that the last clear chance rule is modified by the discovery principle. In that case the plaintiff's foot had been caught in a dangerous hole, from which he could not extricate it. This court did not hold that the fact of such entrapment relieved from the discovery rule, but that the company would not be relieved from liability if by due care the engineer and fireman might have stopped the train, and thus avoided injuring him, after they saw; or ought to have seen, his dangerous position. It was held a question of fact whether the proximate cause of the accident was plaintiff's negligence in crossing in front of the train or his being caught in the hole. We can see no effective distinction between the duty of the motorman to use reasonable vigilance to discover plaintiff's presence and apparent obliviousness to his impending danger, and the duty toward any one who is apparently unable or unlikely, because of entrapment, deafness, blindness, or mental abstraction, to receive the warning and get out of the way. There are cases, both federal and state, supporting defendant's construction of the last clear chance rule, but we are unable to follow them as applied to the situation existing here. It is enough to say that we find in the decisions of this court, at least,[2] controlling authority in support of the action of the trial court in the instant case. But this court does not stand alone. We content ourselves with calling attention to two cases specially in point.

Bremmerman v. Georgetown, etc., Ry. Co., 50 App. D. C. 378, 273 Fed. 342, is similar in its facts to the instant case, and a highly persuasive authority in support of the ruling here complained of. There, too, plaintiff's negligence continued to the time of the injury. In that case it was said that—

[2] Gilbert v. Erie R. R. Co., supra; Robinson v. Railway Co., supra; B. & O. Ry. Co. v. Anderson, supra; Robbins v. Pennsylvania Co., supra.

"In the eyes of the law, where it is or should be apparent to a reasonably prudent person that a pedestrian *is unconscious of the approach of a car, and that unless his attention is attracted he in all probability will be killed or injured,* the negligence of the motorman, in failing to employ the means at his command to give warning of the danger which then is or should be apparent to him, and to arrest the speed of the car, if that be necessary and possible, is the immediate or proximate cause of the accident. The peril of the pedestrian, if actually or constructively known to the motorman, places upon the latter the duty of exercising reasonable care and prudence to overcome 'with consequences of the plaintiff's negligence.' " [3]

The court there distinguishes between such a case and one where the pedestrian is apparently conscious of the approach of the car.

The case of Philadelphia Co. v. Klutt (C. C. A. 3) 148 Fed. 818, 78 C. C. A. 508 (certiorari denied 204 U. S. 672, 27 Sup. Ct. 787, 51 L. Ed. 673), thus states the relation of subsequent and continuing negligence to the last clear chance doctrine:

"No one should be relieved from liability for injury inflicted by him on another, by reason of the fact that that other has negligently exposed himself to the danger, if when that situation was or ought to have been apparent to him he omitted such reasonable precautions as would, if exercised, have avoided the accident. * * * The negligence which is actionable, notwithstanding the negligence of plaintiff, must in a certain sense be subsequent thereto. In other words, the negligence of the defendant, which must be established, has relation solely to a certain situation produced by the prior negligence of the plaintiff."

And referring to the defendant's alleged negligence after plaintiff's dangerous situation was or should have been discovered:

"Was it a continuing negligence, which made it negligence committed at the very time of the accident to have dispensed with such lookouts?"

We are not, however, called upon to distinguish between the authorities dealing with this question under other and different circumstances than are presented by the record in this case. The charge in this case conforms to the doctrine announced heretofore by this court, in Robinson v. Louisville Ry. Co., supra, in reference to the liability, under such circumstances, of a street car company occupying the streets of a city in common with the public.

There is thus no occasion to consider what the applicable rule would be were there nothing in the situation which should reasonably indicate to the motorman that plaintiff was unconscious of the car's approach, and that unless his attention was specially attracted he was liable to be struck; for there was substantial evidence that such was the situation, and that due vigilance should have discovered it in time to avert the injury, if, indeed, it was not actually so discovered. In such case we cannot think that defendant's only obligation was not willfully or wantonly to injure the plaintiff.

In our opinion the judgment of the District Court should be affirmed.

[3] All italics in this opinion ours.