RETZER v. CLEVELAND, C., C. & ST. L. RY. CO.

Circuit Court of Appeals, Sixth Circuit.
May 8, 1928.

No. 4907.

Trial ⬤⟿256(10)—Instruction held sufficiently to submit last clear chance doctrine, in absence of request respecting deceased pedestrian's obliviousness and enginemen's awareness of danger.

In action against railroad for death of pedestrian overtaken by train, in which instruction given, in effect, charged rule of liability under last clear chance doctrine, but with proviso that it did not apply if decedent's negligence was a continuing and contributing cause up to the time of injury, refusal to give plaintiff's requested instruction that decedent's contributory negligence would not defeat action if defendant, by exercising reasonable care, could have avoided accident, held not error, in absence of specific request calling court's attention to failure to charge the exception resulting from decedent's obliviousness and enginemen's awareness of danger.

Error to the District Court of the United States for the Eastern Division of the North-

ern District of Ohio; D. C. Westenhaver, Judge.

Action by Theresa Retzer, administratrix of the estate of Alphonse Retzer, deceased, against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

D. F. Anderson, of Youngstown, Ohio (Anderson & Lamb and John J. Tetlow, all of Youngstown, Ohio, on the brief), for plaintiff in error.

J. Paul Lamb, of Cleveland, Ohio, for defendant in error.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge. Action for the death of Retzer, who had been overtaken and killed by a train as he was walking along between the rails. At the trial, the court charged that, after the enginemen knew, or should have known, that Retzer was negligently in a place of danger upon the track, they owed to him the duty of exercising thereafter ordinary care to avoid injuring him. He further charged that, if Retzer was negligent in being upon the track, and if that negligence continued up to the time of the accident and then contributed to cause the death, the plaintiff could not recover, no matter how negligent the enginemen were in not giving a further warning. After the general charge, plaintiff's counsel requested the court to say "that the contributory negligence of plaintiff's decedent would not defeat the action if it be shown by the greater weight of the evidence that defendant, the railroad company, by the exercise of reasonable care and prudence, could have avoided the consequences of the killing of plaintiff's decedent." The court said he was content with the charge as given, which he thought adequately covered the case, and that the proposition of law now presented, while sound in the abstract, would tend to confuse in the present situation. There was an exception to the refusal to give this special charge and an exception to so much of the general charge as gave effect to the continuing contributory negligence of Retzer down until the collision. The specific charge requested is a formulation in general terms of the so-called rule of last clear chance; and the net result of the whole situation is that the court charged that rule of liability, but with the proviso that it did not apply if Retzer's negligence was a continuing and contributing cause up to the time of the injury. Whether this proviso was cor-

rectly added is the only question presented to us. The qualification is said to be in conflict with our decision in Tutweiler v. Lowery, 279 F. 479. On the other hand, it is said that the fundamental reason for the rule of last clear chance, as such basis was stated for the Supreme Court (perhaps for the first time) by Mr. Justice Stone, in Kansas City Southern Ry. v. Ellzey, 275 U. S. 236, 241, 48 S. Ct. 80, 72 L. Ed. ——, inevitably leads to the conclusion that, if the negligence of both parties (as distinguished from its effects) continued until Retzer was struck, the railroad had no later chance than Retzer did to avoid the striking, and the rule is inapplicable.

We think it unnecessary to decide the latter question so suggested. The instant case did not take such shape as to present to the trial judge the point decided in the Tutweiler Case. In that case the plaintiff, being upon a city street and having crossed the track of a street railroad, stopped, while still within striking distance, and became absorbed in watching an airplane above him. The motorman of the approaching car saw, or should have seen, that plaintiff was not only in a place of danger if a car came along, but was so abstracted as to be unconscious that a car was approaching. The Tutweiler Case does not ·decide, but carefully refrains from deciding, what the appropriate rule of law would have been except for this composite element made up of plaintiff's obliviousness and defendant's awareness thereof; and this element may well be considered as presenting an exception to the primary effect of continuing contributory negligence upon the general rule of last clear chance.

In the present case, from the facts proved, the jury might or might not have drawn the inferences that Retzer was not conscious of the train approaching behind him and that the enginemen, in time to do something effective, should have appreciated this unconsciousness, instead of supposing that Retzer would, in due time, step aside. As to the action of the court in giving to the jury the rule of last clear chance and accompanying it by the proviso, the utmost effect of the Tutweiler Case is that there should have been also an exception or proviso to the proviso. Under these circumstances and under our settled rule, it was the duty of plaintiff's counsel then and there specifically to call the attention of the court to the precise error which he thought the court had made, viz. to the failure to charge the exception resulting from Retzer's oblivion and defendant's awareness. Counsel did not do so, but con-

tented himself with the exceptions above stated. It is plain that the giving of this special charge in the general terms requested, and without any modification as to the effect of plaintiff's continuing negligence, could not be demanded by plaintiff, and that, even though the giving might not have been error, the refusal to give, in the unmodified form, was not erroneous.

This conclusion makes it unnecessary to consider the other reasons for affirmance which have been suggested.

The judgment is affirmed.