## DEMKO v. CARBON HILL COAL CO.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1905.)

No. 1,100.

1. LOGGING RAILROADS—MAINTENANCE—CARE REQUIRED.

A corporation operating a logging road solely for its own purposes, and on which no freight or passengers are carried, is not required to maintain the road with the same degree of care as is required of commercial railroads.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 221.]

2. SAME—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Where a brakeman on a logging railroad was injured by the derailment of one of the cars while he was riding on the floor of the rear end of the engine, with his feet hanging between the engine and the first car, and there was no reason why he could not have occupied a seat in the cab of the engine, as he had been directed to do, where he would have been safer than in the place selected by him, and where he would not have been injured, he was guilty of contributory negligence, precluding recovery.

In Error to the Circuit Court of the United States for the Western Division of the District of Washington.

Govnor Teats and J. H. Easterday, for plaintiff in error.

James M. Ashton, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error owned and operated coal mines, and in connection therewith owned and operated a narrow-gauge road about a mile in length for hauling timbers for props in the mines. For this purpose it used a small engine of about 7 tons in weight, and logging trucks, about 10 feet long, weighing about 1,300 pounds each. The engine was provided with two seats, one on each side, in an inclosed cab at the rear end. One seat was for the engineer, and one for an employé called a brakeman, whose duty it was to keep the track sanded, to assist in loading and unloading the lumber, and to obey the orders of the engineer. The plaintiff in error had occupied the place of brakeman for about a week or ten days prior to the accident which is complained of. He had been over the road about 50 times. The rate of speed was from three to four miles an hour. The trucks were often derailed by small rocks falling on the track from the sides of a cut about 60 feet long and 6 or 7 feet in height, through which the track passed, the stones being dislodged by passing cattle and horses. The engineer and brakeman were accustomed to look out for these stones and remove them. When the trucks were derailed thereby, they put them back on the track by means of a peavy. On the morning of the accident the engineer and the plaintiff in error were proceeding from the mines to the timber. The engine was going backward, and was pushing before it two trucks. A drawbar connected the engine with the first truck. The plaintiff in error was seated on the floor of the rear end of the engine, with his feet hanging between the engine and the first

truck. When passing through the cut the trucks were derailed, probably by some small stones on the track. The drawbar was broken, and the first truck was thrown around so as to catch the foot of the plaintiff in error, whereby he sustained serious injury. He brought the present action to recover damages, alleging negligence in the defendant in error, in that it had not properly constructed its road through the cut, and had not made provision against the falling of stones on the track. At the close of the testimony, the court directed the jury to return a verdict for the defendant in error.

The evidence was that the plaintiff in error was accustomed to ride on the front end of the engine when the weather was fair, and in the cab with the engineer when it was rainy. There is no evidence as to the weather on the day of the accident. The plaintiff in error testified that he sat where he did for the reason that the floor space between his seat and that of the engineer was filled with fuel. He did not say nor prove that he could not have ridden inside. That he could have ridden there, seems to be indicated by the photographs which he introduced in evidence. The evident reason was that his seat was occupied by a man, not in the employ of the defendant in error, who was riding in the cab with the permission of the engineer and of the plaintiff in error. No satisfactory reason was shown for occupying the dangerous position in which the plaintiff in error was when he was hurt. He did not deny that he had been cautioned to be careful, and had been told by the foreman that inside the cab was the proper place for him to ride. It was his duty to have demanded the place which the stranger was occupying in the cab, or, in any event, to have found a safe place in the engine or elsewhere. No reason is shown why he could not have ridden on the front end of the engine. The defendant in error in its answer relied on the defense that the injuries sustained by the plaintiff in error were caused solely through his carelessness and negligence, and such seems to have been the ground on which the court instructed the jury to return the verdict.

The defendant in error is not to be held to the same accountability in constructing a logging road used solely for its own purposes, and on which no freight or passengers are carried, that would apply to the case of an ordinary railroad. Williams v. The Northern Lumber Co. (C. C.) 113 Fed. 382; Wade v. Lutcher & Moore Cypress Lumber Co., 74 Fed. 517, 20 C. C. A. 515, 33 L. R. A. 255. But whatever may be the rule applicable to the owner of such a road for negligence in constructing the same, it seems clear that the plaintiff in error was guilty of contributory negligence in unnecessarily occupying an obviously dangerous position. In the case of Railroad Co. v. Jones, 95 U. S. 439, 24 L. Ed. 506, the plaintiff was one of a party of men employed by a railroad company in constructing and repairing its roadway. They were conveyed by the company to and from their place of work in a box car assigned for their use. The plaintiff, on returning from work one evening, rode on the pilot or tender of the locomotive, when the train passed through a tunnel and collided with cars standing on the track. There was room for him in the box car, and he had been warned of the danger of riding

as he did. It was held that he was not entitled to recover, for the reason that he had not used ordinary care and caution. Said the court:

"The plaintiff had been warned against riding on the pilot, and forbidden to do so. It was next to the cowcatcher, and obviously a place of peril, especially in case of collision. There was room for him in the box car. He should have taken his place there. * * * The plaintiff was not entitled to recover."

The doctrine of that case was affirmed and applied in St. Louis &c. Railway v. Schumacher, 152 U. S. 77, 14 Sup. Ct. 479, 38 L. Ed. 361.

The judgment is affirmed.