## KANSAS CITY SOUTHERN RAILWAY COMPANY v. ELLZEY.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 63. Argued October 24, 25, 1927.—Decided November 21, 1927.

1. By the doctrine of the last clear chance a negligent defendant will be held liable to a negligent plaintiff if the defendant, aware of the plaintiff's peril, had in fact a later opportunity than the plaintiff to avert an accident. But where as a result of the negligent operation of a railway motor car by defendant's agent, with plaintiff's acquiescence or encouragement, the car was derailed and plaintiff injured, their courses of conduct were not so independent that either one or the other could be said to have had in fact a later opportunity to avoid the consequences of their joint negligence, and the doctrine was therefore inapplicable. P. 241.

2. Instructions in such a case *held* sufficiently favorable to the plaintiff on the subject of contributory negligence. P. 242.

12 F. (2d) 4, reversed.

CERTIORARI, 271 U. S. 659, to a judgment of the Circuit Court of Appeals which reversed a judgment entered on a verdict in the District Court in favor of the Railway Company in an action for personal injuries brought against it by Ellzey. The jurisdiction of the District Court was based on diversity of citizenship.

*Mr. Frank H. Moore,* with whom *Messrs. A. F. Smith, John D. Wilkinson, C. Huffman Lewis, W. Scott Wilkinson* and *S. W. Moore* were on the brief, for petitioner.

If Merchant was negligent, and plaintiff directed or acquiesced in that negligence, he was also negligent and assumed the risk of injury from the negligent conduct in which he participated. *Harding* v. *Jesse,* 189 Wis. 652; *Henderson* v. *Penna., etc. Co.,* 179 Fed. 577; *Davis* v. *Chicago, etc. Co.,* 159 Fed. 18; *Bradley* v. *Mo. Pac. R. Co.,* 288 Fed. 484; *Sou. Ry. Co.* v. *Priester,* 289 Fed. 945; *Engstrom, Adm'r.* v. *Canadian etc. Ry. Co.,* 291 Fed 736.

If it were possible that in such circumstances negligence of Merchant might be a proximate cause, and plaintiff's negligence a remote cause, then the question of whether or not plaintiff's negligence was a proximate cause would be one for the jury; and the charge clearly and repeatedly pointed out to the jury that the plaintiff's negligence must be a proximate cause of the accident to bar his recovery.

There was no warrant for an instruction based upon the last clear chance doctrine. *St. L. & S. F. Ry* v. *Schumacher,* 152 U. S. 77; *Wheelock* v. *Clay,* 13 F. (2d) 972; *Chunn* v. *City etc. Ry.,* 207 U. S. 302; *St. L. & S. F. R. Co.* v. *Summers,* 173 Fed. 359; *Va. Ry. & Power Co.* v. *Leland,* 143 Va. 920; *Kinney* v. *Chicago etc. R. Co.,* 17 F. (2d) 708; *Gilbert* v. *Erie R. Co.,* 97 Fed. 747; *Penna. R. Co.* v. *Swartzel,* 17 F. (2d) 869; *Allnutt* v. *Mo. Pac. R. Co.,* 8 F. (2d) 604; *Robbins* v. *Penna. Co.,* 245 Fed. 435; *Reaver* v. *Walch,* 3 F. (2d) 204; *Hammers* v. *Colo. Sou. Ry. Co.,* 128 La. 648. See also *Harrison* v. *Ry. Co.,* 132 La. 761; *Callery* v. *Ry. Co.,* 139 La. 763; and *Castile* v. *O'Keefe,* 138 La. 479; *Weisshaar* v. *Kimball S. S. Co.,* 128 Fed. 397.

Plaintiff's status as passenger, or otherwise, was properly left to the jury. Even if a passenger, his contributory negligence would bar his right of recovery. *Elder Dempster Co.* v. *Poupirt,* 125 Fed. 732; *Ingalls* v. *Bills,* 9 Metc. (Mass.) 7; *Mendelson* v. *Davis,* 281 Fed. 18; *John J. Radel Co.* v. *Borches,* 147 Ky. 506; *Monongahela River etc. Co.* v. *Schinnerer,* 196 Fed. 375; *Winston's Adm'r* v. *City of Henderson,* 179 Ky. 220; *Webber* v. *Billings,* 184 Mich. 119; See also *Jefson* v. *Crosstown St. Ry. Co.,* 129 N. Y. Supp. 233; 10 C. J. 1096–1097; *DeHoney* v. *Harding,* 300 Fed. 696; *Union Traction Co.* v. *Sullivan,* 38 Ind. App. 513; *United R. & E. Co.* v. *Riley,* 109 Md. 327.

*Mr. S. P. Jones,* with whom *Mr. O. W. Bullock* was on the brief, for respondent.

Ellzey was a passenger for hire on the car. See *Drovers Pass* cases: *I. & St. L. Ry.* v. *Horst,* 93 U. S. 291; *Phila. & Reading Ry.* v. *Derby,* 14 How. 486; *N. Y. Cent. Ry.* v. *Lockwood,* 17 Wall. 357; *Norfolk Sou. Ry.* v. *Chatman,* 244 U. S. 276. The operator of a carriage can not by heeding the urge of the passenger place the burden of contributory negligence upon him. The passenger is presumed not to have equal information with the carrier, either as to the safety of the conveyance or the speed it is capable of making with safety. *Weishaar* v. *S. S. Co.,* 128 Fed. 397; *Lynn* v. *Sou. Pac. Co.,* 24 L. R. A. 710; Hutchinson, Carriers, 2d. ed., § 654 c; *Little* v. *Hasket,* 116 U. S. 371. The right to make a direct contract against negligence being denied by law, there can be no implied contract relieving the carrier by attempting to class it as contributory negligence growing out of the passenger's suggestion of fast driving. If Ellzey was guilty of contributory negligence in urging fast running, Merchant knew it, and it was his duty to protect Ellzey against his own negligence. 10 C. J., § 1490, p. 1107; *Inland Co.* v. *Tolson,* 139 U. S. 558; *Penna R. R.* v. *Reed,* 60 Fed. 694; *Norfolk Term. Co.* v. *Rotolo,* 191 Fed. 4.

Even if the plaintiff could have been guilty of negligence in the encouragement of the speed, he certainly could not relieve the carrier by passively failing to protest. If any such theory as passive contributory negligence could apply to a passenger, it would have to appear that he knew and appreciated the danger, (and not that a person of ordinary care would have known and appreciated the danger), had an opportunity to avoid its consequences, and failed to do so. The doctrine of imputed negligence applies to injuries inflicted by third persons and not to injuries inflicted by the carrier. It is the duty

of the carrier to protect the passenger against his own negligence instead of acquiescing in his negligence to his injury. Hutchinson, Carriers, 2d ed., § 654 c; *Weishaar* v. *Kimball Co.,* 128 Fed., 397, certiorari denied, 194 U. S. 638; *Lynn* v. *Sou. Pac. Co.,* 24 L. R. A. 710. If Ellzey had been guilty of contributory negligence in urging Merchant to drive the car to Leesville, or in urging him to increase the speed, the subsequent negligence of the defendant in running the car at a high rate of speed was the proximate cause of the injury. 6 Cyc. 641; *Rodley* v. *London Ry.,* 1 App. Cas. 754, 46 L. J. Exch. 573; 35 L. T. Rep. (N. S.) 637; *Chunn* v. *Washington Ry.,* 207 U. S. 302; *Inland Co.* v. *Tolson,* 139 U. S. 558; *Norfolk Term. Co.* v. *Rotolo,* 112 C. C. A. 585; 192 Fed. 4.

MR. JUSTICE STONE delivered the opinion of the Court.

Respondent, a United States deputy marshal, was assigned to guard Merchant, a telegraph lineman employed by petitioner, from violence by strikers. He went with Merchant to repair a telegraph line and while returning with him on a motor car over petitioner's railroad the car was derailed and respondent injured. Respondent brought the present suit in the district court for western Louisiana to recover for his injuries. The trial by jury resulted in a verdict and judgment for the defendant, the petitioner here. The court of appeals for the fifth circuit, 12 Fed. (2d) 4, reversed the judgment, holding that an instruction to the jury by the trial judge was erroneous.

There was evidence from which the jury could have found that the accident and injury were caused by the negligent operation of the motor car by Merchant at a dangerously high rate of speed. There was also evidence from which it might have found that respondent contributed to his own injury either by urging Merchant to drive at excessive speed or by failing to object to Merchant's

obvious negligence. That part of the charge designated by the court below as erroneous is as follows:

"If you should find that in this case the plaintiff urged, directed or counseled the driver of the car to run it at a reckless and high rate of speed, and that as a result of such reckless running [of] the car was injured, then that would be contributory negligence which would bar his recovery; or if he saw that the car was being negligently run, in such a manner as with the knowledge that he had before him at the time a man placed in his position must reasonably have known that to continue in the situation he was in was dangerous without protesting or desisting and removing himself from the perilous situation at the earliest possible moment, then that would be an act of omission which would contribute to the injury and would in law constitute contributory negligence."

The court of appeals, in holding this instruction improper, pointed out portions of the evidence indicating that respondent's conversations with Merchant, relied on to show that he urged or advised Merchant to drive the motor car at a dangerous rate of speed, took place at Carson and later at De Ridder, on petitioner's line, and that the accident occurred after leaving De Ridder and while proceeding north from that point to Leesville. It pointed out also that under the quoted instruction the respondent could not have recovered if the jury found that he had voluntarily remained on the car after he saw it was being negligently run. The court considered this erroneous, saying:

"Though the plaintiff was negligent in the respect stated, if, as evidence adduced indicated, the defendant's employee was aware of such negligence in time to have avoided the injury by the use of reasonable care, and he failed to use such care, that failure might be found to be the sole proximate cause of the injury, and plaintiff's negligence be deemed a remote cause. *Chunn* v. *City &*

*Suburban Ry.,* 207 U. S. 302 . . . . . The plaintiff's right to recover was not barred if his negligence was only a remote cause of his injury, and Merchant's negligence was the sole proximate cause of it."

This language suggests that the circuit court of appeals thought this case to be governed by the doctrine of the last clear chance. That doctrine, rightly applied in the *Chunn* case, amounts to no more than this, that a negligent defendant will be held liable to a negligent plaintiff if the defendant, aware of the plaintiff's peril or unaware of it only through carelessness, had in fact a later opportunity than the plaintiff to avert an accident. *Grand Trunk Ry. v..Ives,* 144 U. S. 408, 428; *Inland and Seaboard Coasting Co.* v. *Tolson,* 139 U. S. 551, 558. In the cases applying the rule the parties have been engaged in independent courses of negligent conduct. The classic instance is that in which the plaintiff had improvidently left his animal tied in a roadway where it was injured by the defendant's negligent operation of his vehicle. *Davis* v. *Mann,* 10 M. & W. 546. It rests on the assumption that he is the more culpable whose opportunity to avoid the injury was later.

On the facts assumed by the circuit court of appeals— that Merchant was driving the car recklessly with respondent's encouragement or acquiescence—the respondent and Merchant were engaged in a common venture which, acting together, they were carrying on in a careless manner. In such a case their courses of conduct are not sufficiently independent to let it be said that either one or the other had in fact a later opportunity to avoid the consequences of their joint negligence. Compare *St. Louis & San Francisco Ry.* v. *Schumacher,* 152 U. S. 77; *Wheelock* v. *Clay,* 13 Fed. (2d) 972; *Kinney* v. *Chicago, Great Western R. R.,* 17 Fed. (2d) 708; *Denver City Tramway Co.* v. *Cobb,* 164 Fed. 41.

We think that the doctrine of the last clear chance was not involved here. If the jury found negligence on the

part of the defendant, then their verdict turned on whether they thought the respondent was guilty of contributory negligence. Whether the instructions were sufficient in this respect is the only substantial question before us. The trial judge charged generally, in various forms, that respondent's negligence, as a bar to recovery, must be found to have contributed " proximately " to the injury, and that if respondent counseled Merchant to run the car at a reckless rate of speed, and by reason of his encouragement Merchant negligently operated the car, and as a result of that negligent operation the injury occurred, " or if he saw that the car was being negligently run, in such a manner as with the knowledge that he had before him at the time a man placed in his position must reasonably have known that to continue in the situation he was in was dangerous without protesting or desisting and removing himself from the perilous situation at the earliest possible moment, then that would be an act of omission which would contribute to the injury, and would in law constitute contributory negligence." Again the jury was instructed that respondent " would not be held to have assumed the risk of an injury resulting from the defendant's negligence merely because the plaintiff failed to interpose his judgment against that of the defendant, unless you find that a man of ordinary care and prudence, so situated, would have abandoned the car."

We think these instructions and others of similar import, read as we must read them in the light of the whole charge, were sufficiently favorable to the respondent on the subject of contributory negligence. Perhaps it would have been permissible to tell the jury that, though respondent had at an earlier moment encouraged or acquiesced in Merchant's recklessness, he might still recover if later and before the accident he repented and asked Merchant to drive carefully. But the court's failure to do so, in the absence of a specific request, seems to us not to be ground for reversal.

The respondent suggests here numerous other objections to the charge as given. We have considered them and find that they present no substantial question requiring further comment. The judgment of the district court is affirmed and that of the court of appeals is

*Reversed.*