**ATLANTIC REFINING CO. v. JONES.**
No. 3559.

Circuit Court of Appeals, Fourth Circuit.
April 3, 1934.

Frank Lively, of Charleston, W. Va. (Lively, Lively & Stambaugh, of Charleston, W. Va., on the brief), for appellant.

C. R. Summerfield, of Fayetteville, W. Va., and John Kee, of Bluefield, W. Va. (E. P. Alderson, of Summersville, W. Va., and A. J. Lubliner, of Bluefield, W. Va., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and COLEMAN, District Judge.

NORTHCOTT, Circuit Judge.

This is an action at law, brought in the District Court of the United States for the Southern District of West Virginia by the appellee, hereinafter referred to as plaintiff, against the appellant, hereinafter referred to as defendant. The last trial was had at Bluefield, W. Va., at the June term, 1933. The verdict of the jury was in favor of the plaintiff and awarded damages in the amount of $20,000, upon which verdict judgment was entered. From this judgment this appeal was brought.

On the 26th day of April, 1930, one Oat Jones, in company with his wife and his brother, was driving an automobile along a road leading to the town of Ronceverte in said district, when, at the junction of the road they were traveling with a main highway, known as the Seneca Trail, the car which the said Oat Jones was driving was struck by a truck owned by the defendant corporation. The said Oat Jones was seriously injured and became permanently insane as the result of the injury.

The plaintiff contended that the accident was caused by the negligence of the driver of the defendant's truck, and it was contended on behalf of the defendant that there was contributory negligence on the part of Oat Jones who was driving the car when he was injured, and that such contributory negligence was the proximate cause of the accident. At the trial a number of witnesses were heard for both plaintiff and defendant and the testimony was conflicting.

Two main points are relied upon by appellant: First, that the trial judge erred in refusing the request for an instructed verdict, urging that, under the evidence, the doctrine of last clear chance did not apply; second, that the trial judge erred in making

certain statements in the presence of the jury in the course of the trial.

■■ The doctrine of last clear chance has been discussed by the Supreme Court of the United States in a number of cases. In Kansas City Southern Ry. Co. v. Ellzey, 275 U. S. 236, 48 S. Ct. 80, 81, 72 L. Ed. 259, Mr. Justice Stone, referring to that doctrine, said: "That doctrine * * * amounts to no more than this, that a negligent defendant will be held liable to a negligent plaintiff if the defendant, aware of the plaintiff's peril or unaware of it only through carelessness, had in fact a later opportunity than the plaintiff to avert an accident. Grand Trunk Ry. v. Ives, 144 U. S. 408, 428, 12 S. Ct. 679, 36 L. Ed. 485; Inland & Sea Board Coasting Co. v. Tolson, 139 U. S. 551, 558, 11 S. Ct. 653, 35 L. Ed. 270. In the cases applying the rule the parties have been engaged in independent courses of negligent conduct. The classic instance is that in which the plaintiff had improvidently left his animal tied in a roadway where it was injured by the defendant's negligent operation of his vehicle. Davies v. Mann, 10 M. & W. 546. It rests on the assumption that he is the more culpable whose opportunity to avoid the injury was later."

For other cases in which a discussion of the doctrine will be found, see: Chunn v. City & Suburban Ry., 207 U. S. 302, 28 S. Ct. 63, 52 L. Ed. 219; Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 12 S. Ct. 679, 36 L. Ed. 485; Inland & Sea-Board Coasting Co. v. Tolson, 139 U. S. 551, 11 S. Ct. 653, 35 L. Ed. 270; St. Louis & S. F. Ry. v. Schumacher, 152 U. S. 77, 14 S. Ct. 479, 38 L. Ed. 361.

An examination of the record shows that the evidence is so conflicting as to the fact or facts that would establish or negative the doctrine of last clear chance, that whether the doctrine did apply would depend solely upon what evidence the jury would believe. Considering the evidence of the plaintiff in the light most favorable to the plaintiff's case, as must be done in considering a peremptory motion of this character, the trial judge was clearly right in refusing to instruct the jury that the doctrine did not apply. The question was plainly one for the jury and the court properly refused to invade its province.

■ On the second point the statements of the court complained of were made in the presence of the jury at the trial and were as follows:

Q. "If your husband stopped his car, Mrs. Jones, in the position you have just told this jury, standing, as you say, in practically the middle of the road, this truck could not have gotten around this car to the right or out on the Alderson Road, could he?"

By Mr. Kee: "He has never located the middle of what road he is talking about."

By the Court: "The fact remains that there is no use in trying to put testimony in to show that he couldn't have gotten around there when he could have gotten around on both sides. There is a space there as wide as from this wall to that wall." (The Court pointed to each wall lengthwise of the court room, a distance of approximately 50 feet):

By Mr. Stambaugh: "We except to that statement, Your Honor."

By the Court: "Gentlemen of the jury, counsel has asked a question which is not true and which he knows is not true."

By Mr. Stambaugh: "We except to that, Your Honor."

By the Court: "Yes, and I want to say to you further, if that is done again contempt of court proceedings will be forthcoming."

In United States v. Messinger, 68 F.(2d) 234, decided by this court on January 4, 1934, Judge Parker in an able opinion discusses a similar question. Here the judge virtually precluded the introduction on behalf of the defendant of testimony tending to prove that the driver of the truck could not have gotten around, on both sides, the car that was struck. A study of the record shows that such evidence was, as a matter of fact, introduced and this evidence if believed by the jury would have established the fact contended for on behalf of the defendant. Just what other evidence could have been introduced had the court not said that there was no use in trying to put such testimony before the jury, we do not know; in any event the statement of the court must necessarily have had great weight with the jury and virtually amounted to an instruction to ignore the defendant's contention as to this point. In addition to this the record shows that the trial court was unduly severe in his remarks addressed to one of the defense counsel. To say, "Counsel has asked a question which is not true and which he knows is not true," and to threaten punishment for contempt if the question were asked again, could not fail to prejudice the defendant's cause with the jury. Quercia v.

U. S., 289 U. S. 466, 53 S. Ct. 698, 77 L. Ed. 1321.

In justice to the trial judge it should be stated that in his oral charge to the jury he endeavored, as far as possible, to temper the severity of his remarks to counsel when he said: "I also want to say to you that anything said in the course of the trial between the Court and the lawyers should in no way affect you in deciding this case. You decide the case on the evidence of the witnesses facing you and facing counsel and the Court and the plaintiff and defendant, and not on any colloquy that might come into the course of the trial between the Court and the lawyers or the lawyers themselves."

We do not think, however, that the impression undoubtedly made upon the minds of the jury at the time the incident happened was removed by this statement. The damage had been done. We are of the opinion that these remarks of the trial judge did constitute reversible error.

There were a number of other assignments of error, but they are not of sufficient merit to justify discussion. The judgment of the court below is accordingly reversed and the case remanded for a new trial.

Reversed.