**SHEEHAN v. NIMS et al.**
**No. 230.**

Circuit Court of Appeals, Second Circuit.
Feb. 11, 1935.

Fenton, Wing & Morse, of Rutland, Vt., for appellants.

Novak & Bloomer, of Rutland, Vt., and James Brownlee, of Springfield, Vt., for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The plaintiff's intestate met his death in an automobile accident which occurred on the main highway in Westminster, Vt., on November 2, 1932. He was riding in a Ford car operated by one Farrow, which collided with the left rear end of a White truck owned by the defendant Nims and operated by the defendant Macomber. At the time of the collision, the truck was stationary, headed north, and Farrow, who approached from the south, was attempting to pass it on the left; he did not turn out sufficiently to clear it. The truck stood well over to the right-hand side of the concrete pavement, and left substantially twelve feet of the pavement for the passage of other vehicles. It did not carry a light known as a "clearance lamp" which the Vermont statutes require such a truck to display on its left side when operated or at rest on a highway during the period from thirty minutes after sunset to thirty minutes before sunrise. P. L. Vt. 5120. The accident occurred between 5:30 and 6 p. m., which was concededly more than thirty minutes after sunset. However, it was not yet dark; it was twilight. Some drivers had not turned on their lights. The tail-light of the truck was out of order, and defendant Macomber testified that he had just hung near the left rear corner a lighted kerosene lantern with a red globe. Farrow, however, denied seeing any such light as he approached, and claimed that, when he discovered that the truck was stationary, he was too near it to avoid the collision. The case was submitted to the jury under instructions which informed them that the defendants' admitted failure to display the statutory clearance light constituted negligence, and that the jury were to determine whether such negligence was a proximate cause of the collision and whether Sheehan, the decedent, was guilty of contributory negli-

gence. They returned a verdict for the plaintiff.

The appellants, as their principal contention, assert that it was error for the District Judge to rule as a matter of law that they were negligent, instead of submitting that issue to the jury as he was requested to do. While it is true that in many states the violation of a standard of care prescribed by statute is held to be negligence per se, the law of Vermont is otherwise. Landry v. Hubert, 101 Vt. 111, 141 A. 593, 63 A. L. R. 396; Jasmin v. Parker, 102 Vt. 405, 148 A. 874; Steele v. Fuller, 104 Vt. 303, 158 A. 666; Rule v. Johnson, 104 Vt. 486, 162 A. 383; Sulham v. Bernasconi, 106 Vt. 192, 170 A. 913; Palmer v. Margeille (Vt.) 175 A. 31. On such a point the federal court will follow the state law. Brown v. Walter, 62 F.(2d) 798, 800 (C. C. A. 2). From the foregoing authorities relating to similar safety regulations it appears that a violation of the statute in question gives rise to a rebuttable presumption of negligence which may be overcome by proof of the attendant circumstances if they are sufficient to persuade the jury that a reasonable and prudent driver would have acted as did the person whose conduct is in question.

Counsel for the appellee contends that this is so only when the delinquent party is in a position to substitute his own judgment of what is prudent for that of the Legislature. Since the truck was not equipped with clearance lights, it is argued that the appellants were never able to exercise their judgment as to when the lights should be displayed. This argument is specious. Admittedly, while on the highway the appellants had no choice other than to operate without lights; but they had the choice of not being on the highway at all, and their act in operating the truck at the particular time in question might well have involved a decision that to do so was not imprudent. The appellee further urges that not enough was shown to overcome the prima facie case made by proof of absence of a clearance light, and hence the peremptory instruction that negligence existed was justifiable. This contention we are unable to accept. Although it was more than thirty minutes after sunset, it was not yet dark. The truck was standing on a straight stretch of road where it could be expected to be seen from a considerable distance by any motorist approaching from the rear. According to the defendants' testimony, a lighted red lantern was hung near to the left rear corner. The driver intended to leave the truck standing only so long as it should take him to walk three hundred feet to a garage and back again with a borrowed tool with which he would change the gasoline feed pipe from one tank to another so that he could resume his journey. Whether under the same circumstance a reasonable and prudent driver would have done as he did, despite the prohibition of the statute, seems to us a jury question under the Vermont cases. In Rule v. Johnson, supra, there was no dispute concerning the violation of a regulation which forbade three persons to occupy the driver's seat, but there was some evidence that the seat was not crowded nor the driver hindered in his operation of the truck. The court held that it was for the jury to say whether the presumption of negligence had been rebutted, as well as whether the violation of the regulation was a proximate cause of the accident. In view of the state decisions, we feel constrained to reverse the judgment because the issue of negligence was not left to the jury, however improbable it may seem that the result would have been different had they passed upon it.

The defendants also charge error in the exclusion of testimony offered for the purpose of showing that other trucks of the same type as the defendants' and used by the state highway department did not carry clearance lights as prescribed by the statute. As this question may again arise on the new trial, it seems desirable to express our opinion upon it. The admissibility of this evidence seems to be urged on two unrelated grounds; the first being as an aid to construction of the statute. It is claimed that the statute was not intended to apply to the type of truck having a flat platform body, but only to the "moving-van" type. There is nothing in the words of the statute to justify the claim. Even if the language were ambiguous, we are aware of no rule of law which would permit the evidence as an aid to its construction. The second ground on which the evidence is claimed to be admissible is that it bears on the question of ordinary prudence. Although the Vermont cases say that the statutory standard of care is but an additional factor to be taken into consideration in measuring the defendants' conduct by the rule of the prudent man in like circumstances, no case has been called to our attention which excuses noncompliance with the statute because others have also disregarded it. A general custom to

violate it would not prevent the defendants' violation from making a prima facie case of negligence. We think the District Judge rightly excluded the testimony.

None of the errors alleged in respect to the admission of evidence presents any question worthy of discussion. Nor need we determine whether the defendants' motion for a mistrial and continuance should have been granted because of inquiries addressed to the jurymen on the voir dire respecting the Merchants' Mutual Insurance Company. In Brown v. Walter, 62 F.(2d) 798 (C. C. A. 2), there was presented an obvious effort to prejudice the jury by repeated references to insurance. In the present case the subject was brought up by the volunteered remark of a juryman. While it would seem that the interests of the plaintiff could have been protected without going so far as to refer to a particular corporation by name, we need not now decide whether the questions asked were of themselves enough as to require upsetting the verdict. The situation is not likely to be repeated on the next trial.

The alleged error in denying the defendants' motion to set aside the verdict and grant a new trial is not a ground which can be taken in an appeal in the federal courts. Miller v. Maryland Casualty Co., 40 F.(2d) 463 (C. C. A. 2).

For the error in respect to the charge to the jury, the judgment is reversed, and the cause remanded for a new trial.