## LINDE AIR PRODUCTS CO. v. CAMERON.
### No. 3973.

Circuit Court of Appeals, Fourth Circuit.

Feb. 22, 1936.

Joseph M. Crockett and Charles A. Tutwiler, both of Welch, W. Va., for appellant.

Harman & Howard, of Welch, W. Va., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

### NORTHCOTT, Circuit Judge.

This is an appeal from a judgment entered in an action at law in the District Court of the United States for the Southern District of West Virginia, at Bluefield, in July, 1935. The action was originally brought in the circuit court of McDowell county, W. Va., by the appellee, herein referred to as the plaintiff, against the appellant, a corporation chartered outside the state of West Virginia but doing business in that state, herein referred to as the defendant. A trial was had before a jury, and there was conflict in the evidence. The jury returned a verdict assessing the plaintiff's damages at $4,600, upon which verdict judgment was entered, and from this judgment this appeal was brought.

The accident, which was the cause of this action, occurred on state highway No. 52 near the town of Keystone, in McDowell county, W. Va., on the 14th day of March, 1935. The deceased, Jay Cameron, and his brother-in-law, one Henry Johnson were walking along on the right side of the highway, when the deceased walked across the road to look at some object and started back walking in a diagonal direction across the highway, when he was struck from the rear by the automobile of the defendant driven by one E. F. Kennedy, employee of the defendant and engaged in its business at the time of the accident. The deceased was taken to a hospital in the defendant's car, but died shortly afterwards from the effects of the accident, and the plaintiff was appointed administrator of his estate.

There were a number of assignments of error, but only three of them need be considered here. It is contended on behalf of the defendant that the court erred in instructing the jury as follows:

"The Court instructs the jury that it is the duty of the driver of an automobile upon approaching any person walking on the traveled portion of a public highway, and also in passing such person, to reduce the speed of such automobile so as not to exceed fifteen (15) miles per hour, if this may be done by a reasonable effort on the part of such driver, and that failure of the driver to discharge such duty would constitute negligence."

This instruction of the court below was based upon the West Virginia statute (Official Code of West Virginia, 1931, section 12, article 8, chapter 17), requiring a person operating a motor vehicle, upon approaching any person walking upon the traveled portion of any highway, to reduce the speed of the vehicle so as not to exceed fifteen miles per hour. The question arising upon this instruction is whether the failure to reduce the speed of the automobile in compliance with the statute constituted negligence per se or prima facie negligence that could be rebutted.

On this point the Supreme Court of Appeals of West Virginia has not been entirely uniform in its decisions, but in the late case of Oldfield v. Woodall, 113 W.Va. 35, 166 S.E. 691, 695, after a full discussion of the question and a review of the authorities, including those of the West Virginia court, the rule is stated as follows:

"We believe that the better rule considers the fact of the violation of a statute or ordinance as prima facie negligence, sufficient to cause a directed verdict in the absence of any other showing, but rebuttable. Tarr v. Keller Lumber & Construction Co., supra [106 W.Va. 99, 144 S.E. 881, 60 A.L.R. 570], and cases there cited. Such a rule makes due allowance for variation of circumstances."

This being the last pronouncement of the highest court of West Virginia, as to the construction of a state statute, it is binding upon the federal courts. Brown v. Walter (C.C.A.) 62 F.(2d) 798; Chesapeake & Ohio Railway Co. v. Stapleton, 279 U.S. 587, 49 S.Ct. 442, 73 L.Ed. 861; Sheehan v. Nims (C.C.A.) 75 F.(2d) 293; Harmon v. Barber (C.C.A.) 247 F. 1.

The rule as laid down by the West Virginia court seems to be in accord with the federal rule as announced by the Supreme Court in the case of Grand Trunk Railway Co. v. Ives, 144 U.S. 408, 12 S.Ct. 679, 36 L.Ed. 485. The instruction of the court on this point was therefore erroneous and constituted reversible error.

It is contended on behalf of the defendant that the court erred in instructing the jury that the traveled portion of the highway, within the meaning of the West Virginia statute, included not only the eighteen feet of concrete, but also the nine feet of berm, or the shoulders, on either side of the concrete. For the guidance of the court in any future trial of this cause, we feel it necessary to say that, in our opinion, what was meant by the Legislature by the use of the words "traveled portion of the highway" was the concrete portion or that portion of the roadbed upon which the cars were presumed to travel; otherwise there would be no need for the use of the words "traveled portion." The better view is that, in speaking of the "traveled portion," only the concrete part of the highway is meant, unless there are unusual conditions existing at a certain point, such as curves, where the shoulders are broadened and hard-surfaced for the purpose of widening the "traveled portion." See Schnabel v. Kafer, 39 S.D. 70, 162 N.W. 935.

It is contended that the instruction of the court with reference to the last clear chance doctrine as applicable here was erroneous, but on this point we think the charge of the court was correct. While there is some variation in the state decisions as to the exact application of this doctrine, the federal rule is well settled. This court, in Atlantic Refining Co. v. Jones, 70 F.(2d) 89, 90, adopted Mr. Justice Stone's succinct definition of the doctrine. In that case we said:

"In Kansas City Southern Ry. Co. v. Ellzey, 275 U.S. 236, 48 S.Ct. 80, 81, 72 L.Ed. 259, Mr. Justice Stone said: 'That doctrine * * * amounts to no more than this, that a negligent defendant will be held liable to a negligent plaintiff if the defendant, aware of the plaintiff's peril or unaware of it only through carelessness, had in fact a later opportunity than the plaintiff to avert an accident. Grand Trunk Ry. Co. v. Ives, 144 U.S. 408, 428, 12 S.Ct. 679, 36 L.Ed. 485; Inland & Sea-Board Coasting Co. v. Tolson, 139 U.S. 551, 558, 11 S.Ct. 653, 35 L.Ed. 270. In the cases applying the rule the parties have been engaged in independent courses of negligent conduct. The classic instance is that in which the plaintiff had improvidently left his animal tied in a roadway where it was injured by the defendant's negligent operation of his vehicle. Davies v. Mann, 10 M.&W. 546. It rests on the assumption that he is the more culpable whose opportunity to avoid the injury was later.'"

See, also, Chunn v. City & Suburban Ry. of Washington, 207 U.S. 302, 28 S.Ct. 63, 52 L.Ed. 219.

An examination of the record leads us to the conclusion that there was ample evidence to sustain the submission of this question to the jury. In answer to a question asking him why he did not cut his car and go around the deceased, the driver of the automobile replied:

"Because I preferred to stay on the right side of the road and be within my rights on the correct side of the road instead of driving to the left. Cameron was not traveling briskly; he was walking at a pace which couldn't be relied on to carry him any place."

Certainly the driver of the car is not justified in staying on his side of the road and striking a pedestrian if he could have driven around and avoided hitting him.

The judgment of the court below is therefore reversed, and this cause remanded for a new trial.

Reversed.