McINNIS, Judge.'
Plaintiff in this case carried collision insurance covering a 1951 Ford De Luxe Tudor Sedan, the property of its insured, Frees, Inc.
On October 30, 1951, at about 4:20 o’clock P. M. this Ford car was parked on defendant's track No. 9, at the head of Spring Street in the city of Shreveport, in front of a building occupied by R. F. Zimmerman, when it was struck by a box car being backed along the track, and the Ford car was damaged to the alleged amount of $716.04, but there was a $50 deductible clause in the policy and the demand is for $666.04.
The only charge of any negligence on the part of defendant is contained in paragraph four of the petition, reading as follows :
*233 “That the said Ford automobile had been parked at the location above described headed north on the tracks, which were on the south side of the building' above described for a period of some five or ten minutes when the switch engine above described coupled with a freight car located some fifteen or twenty feet west of the said Ford and backed on into the left side of the said Ford causing the damage herein sued for.”
Defendant filed an exception of no cause and no right of action, however the record shows no action by the lower court on the exception, and it is not urged here.
Defendant filed an answer alleging that the collision and resulting damage was caused solely by the negligence of the operator and occupant of the Ford car, in the following particulars:
“a. The operator of the automobile, W. M. Buchanan, with an utter and complete disregard of reasonable care and caution parked his automobile on over railway tracks which the said operator knew to he in active use and upon which several cars were visibly standing pursuant to being moved and,
“b. The operator after parking the automobile on the tracks of defendant with full knowledge that his act was in complete disregard of ordinary care and caution, and with full knowledge that if the automobile remained in this position on the tracks that it would be in danger of being struck, nevertheless, failed to move the said automobile and allowed it to remain in this particular position while he removed himself from the automobile and went on business elsewhere * * * this act of omission by not acting and removing the automobile constituted negligence which continued up until the collision.”
“8. Defendant states further that the party, J. W. Cherry, who remained in the said automobile after it was placed with utter disregard of caution on the tracks of defendant had full knowledge that the said automobile was standing in a dangerous position, yet with a complete disregard for his personal safety and that of the automobile failed to remove the said automobile from the tracks, even though he could have easily done so, and thereby acted in a manner which exhibits a, willful disregard of that due caution and care which is demanded of an ordinary man. This act of omission in failing to remove the automobile constitutes negligence which existed up until the time of the impact of the yard engine and the automobile.”
Further alleges that it exercised all that care and caution which is required under the facts and circumstances.
In the alternative, and only in the event any negligence is established on. the part of defendant,.which is denied, contributory negligence as set out in the answer, is pleaded in bar of any recovery by plaintiff.
An amended and supplemental answer was filed, alleging that the operator of the Ford car was a trespasser on the right-of-way and tracks of defendant, and therefore defendant owed him no duty other than to refrain from willfully and wantonly injuring him.
After trial on the merits the district judge in written reasons for judgment absolved defendant of negligence, and accordingly rejected plaintiff’s demand.
Plaintiff has perfected a devolutive appeal to this court.
There is practically no dispute as to the facts in the case. The district judge correctly sets them up in his written opinion, and we adopt his finding, as follows:
“The evidence shows that the railroad track runs approximately east and west and crosses Spring Street in the city of Shreveport; that on the east side of Spring Street, beginning approximately 14' 10" from Spring Street, is a building 116 feet long, which sits 5% feet north of and parallel to the railway track; that approximately 64.6 feet from the west end of the building is a door to that paid of the building occupied by R. F. Zimmerman & Co. At the time of the accident there was *234 a box car on the said railway track located between Spring Street and the door aforesaid. Occasionally ' persons having business with Zimmerman & Company would drive their vehicles upon the track in front of said door, for the purpose of receiving merchandise from Zimmerman & Company. This fact was known to the defendant Railway Company. Mr. Peters, the foreman in charge of the switch engine, testified that he had on occasions when the track was to be used, gone into the warehouse and instructed the owners of automobiles to remove same from the track. The sequence of events leading up to this accident occurred within three to five minutes. On the day of the accident it was defendant’s intention to move the box car in front of the Zimmerman store to a point further east. The switch engine approached Spring Street from the west and Mr. Peters, the foreman, walked across Spring Street and down to the east end of the box car to ascertain whether any automobiles were upon the track, and, finding none, he returned to Spring Street and signaled the engineer that the track was clear. While Mr. Peters was walking back to Spring Street the automobile was driven from Spring Street and parked on and across the railway track about fifteen feet east of the box car. Mr. Peters stood in Spring Street and signaled the engineer, who backed up and coupled to the box car, and proceeded to push it eastward, striking the automobile and causing the damage here sued for.”
The best that plaintiff can claim for its insured is that he was a licensee, and the liability of an owner to a licensee is set forth in the opinions in the following cases: Mills v. Heidingsfield, La. App., 192 So. 786, 789, and Mercer v. Tremont, La.App., 19 So.2d 270.
It is urged by plaintiff that its insured was an invitee, because cars customarily parked on the tracks of defendant, to the knowledge of defendant’s employees, and in support of its contention that defendant owes a higher duty to invitees cites 44 A.J. 460, from which he quotes a part of the first paragraph. However the entire section gives the holding of various other jurisdictions holding contrary views, and we have already found that plaintiff’s insured was at best a licensee.
Also cited are the cases of Miller v. Baldwin, La.App., 178 So. 717 and Shamburg v. Thompson, La.App., 186 So. 616, in which the facts are altogether different.
Doyle v. Thompson, La.App., 50 So.2d 505, was dismissed in the district court on an exception of no cause and no right of action. The Court of Appeal,. First Circuit, remanded the case to the lower court to allow the petition to be amended, and for trial on the merits. We have checked the reports since that date and do not find the case further reported. The suit was by a widow and four minor children for the death of the husband and father. The petition alleges that deceased was walking east along the south side of defendant’s railroad tracks about one-half mile from De Quincy, and stepped away from the tracks as far as possible to allow the train to pass him, and was struck by some object protruding from the side of the train and knocked under the wheels, and both legs were severed about the knees. The factual situation there appears different from the case under consideration. We agree with the numerous authorities cited in the opinion.
The case of Downing v. Morgan’s T. & L. R. R. & S. S. Co., 104 La. 508, 519, 29 So. 207, is not factually the same as the present case. There, deceased had stopped to allow a regular train on the main line of the railroad to pass and when the train cleared the crossing, deceased had started across the side track when struck by a work train backing into the siding. There was no flagman protecting the rear of the train. The court held that the operators of the work train should have known that there would be people at the crossing waiting for the regular train to clear it, and that they would cross the side track as soon as the regular train cleared the crossing.
Williams v. Missouri P. R. R. Co., 155 La. 349, 99 So. 286, discloses a state of *235 facts entirely different from the instant case.
Numerous authorities on last clear chance doctrine are cited. Jackson v. Cook, La.App., 176 So. 622, see also 189 La. 860, 181 So. 195, Shipp v. St. Louis & S. W. Ry. Co., La.App., 188 So. 526, Rottman v. Beverly, 183 La. 947, 165 So. 153, and many others, including Kansas City Southern Ry. Co. v. Ellzey, 275 U. S. 236, 48 S.Ct. 80, 72 L.Ed. 259, Williams v. Missouri P. R. R. Co., La.App., 11 So. 2d 658, Brown v. Chicago R. I. & P. Ry. Co., La.App., 14 So.2d 307.
These cases relate principally to situations in which employees of railroads either saw the position of peril of the injured person, or by the exercise of reasonable diligence could have seen the peril in time to have avoided the injury.
In the instant case Cherry, the passenger in the Ford car, had the same opportunity to see the approaching engine backing up to couple on to the box car as the operators of the engine had to see the Ford car. Vision of both was obscured by the box car between them. Mr. Peters had just surveyed the situation and there were at that time no automobiles on the track. This action appears reasonable, and all that ought to be required, and we agree with the finding of the lower court that defendant was not guilty of negligence under the facts disclosed by this record. Conceding arguendo that there was any negligence on the part of defendant, plaintiff’s insured was also guilty of negligence contributing to the happening of the accident, and is barred from recovery by this negligence, which is specially pleaded. Flanders v. Arkansas & L. M. Ry. Co., 220 La. 193, 56 So.2d 151.
This is said with full recognition of the doctrine of discovered peril and last clear chance as laid down in the cases cited above, to the effect that negligence of the injured person will not bar recovery in such situations as disclosed by Shipp v. St. Louis S. W. Ry. Co., supra, and most of the other cases cited, which we do not believe applicable to the facts of the instant case.
For these reasons the judgment appealed from is affirmed at the cost of plaintiff-appellant in this and in the lower court.