**H. C. CLARK and Joan Clark, Plaintiffs,**

v.

**CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY, a corporation, et al., Defendants.**

Civ. No. 71-12N.

United States District Court,
D. South Dakota, N. D.

June 13, 1972.

Siegel, Barnett, Schutz, O'Keefe & Ogborn by Joseph H. Barnett, Aberdeen, S. D., for plaintiffs.

Voas, Richardson, Groseclose & Kornmann by Chester A. Groseclose, Jr., Aberdeen, S. D., for defendants.

DECISION AND ORDER

BECK, District Judge.

This is a motion for summary judgment to dismiss plaintiff, H. C. Clark's claim for $1,070,000, covering alleged personal injuries sustained July 11, 1968, as he drove his car into the rear side of the front engine of the defendant's one mile long train at the intersection of the railway and highway crossing one mile east of Bath, South Dakota, and another of Joan Clark for $335,800, alleged as an indirect result of that accident.

Claims involving negligence or contributory negligence, are as a general rule not to be summarily resolved, Wilson v. Great Northern Railway Company, 83 S.D. 207, 157 N.W.2d 19 (1968):

"Summary judgment may be used in all types of litigation, but there are some kinds of cases which lend themselves more readily to summary adjudication than others. Statistics show it is granted more frequently in actions on notes and for debts than in other kinds of cases. Three classes of litigation which are not usually suited for summary disposition are (1) negligence actions, (2) actions involving state of mind, (3) equitable actions. 3 Barron & Holtzoff, Federal Practice & Procedure, Rules Ed., § 1232 et seq."

"Summary judgment is generally not feasible in negligence cases because the standard of the reasonable man must be applied to conflicting testimo-

ny. Issues of negligence and such related issues as wanton or contributory negligence are ordinarily not susceptible of summary adjudication either for or against a claimant and should be resolved by trial in the ordinary manner. Summary judgment should not be granted on the ground of contributory negligence except in an extraordinary, unusual, or rare case where the facts are conceded or demonstrated beyond reasonable question and show a right to summary judgment with such clarity as to leave no room for controversy. Contributory negligence to bar recovery must be the proximate cause of the injury and since both are fact questions generally are not subject to summary adjudication. 3 Barron & Holtzoff, Federal Practice & Procedure, Rules Ed., § 1232.1; 6 Moore's Federal Practice, 2d Ed., § 56.17(42); 35B C.J.S. Federal Civil Procedure § 1181, p. 587; Kennedy v. Bennett, 8 Cir., 261 F.2d 20; Gauck v. Meleski, 5 Cir., 346 F.2d 433."

"This court has repeatedly said that issues of negligence, contributory negligence, and the comparative extent thereof, and proximate cause are ordinarily questions of fact and it must be a clear case before a trial judge is justified in taking these issues from the jury. It is only when the evidence is such that reasonable men can draw but one conclusion from facts and inferences that they become a matter of law and this occurs rarely. Stygles v. Ellis, 80 S.D. 346, 123 N.W.2d 348; Raverty v. Goetz, 82 S.D. 192, 143 N.W.2d 859; Bogh v. Beadles, 79 S.D. 23, 107 N.W.2d 342; Bothern v. Peterson, 83 S.D. 84, 155 N.W.2d 308."

That rule is necessarily to be applied in this case since the existence of negligence under the invoked doctrine of the last clear chance, Nielsen v. Richman, 114 F.2d 343 (8 Cir. 1940) [1] is a factual aspect to be established before recovery under it can be had.

Allowance of damages for sustained personal injuries being permitted under that doctrine, it is only for the court on this record, as it views the propriety of the motion, to determine whether or not the evidence shows negligence as a matter of law, with no other exceptions to the general rule being permitted.

The answers on that aspect are in brakeman Jensen seeing the plaintiff for half a mile or more driving at a speed of 55 to 60 miles per hour—in feet per second 88—as he approached the crossing, the train's the same, in the plaintiff's testimony that at his speed with braking power factors, reaction time and mechanical operations considered, he could have stopped within a distance of 225 feet to 350, in the brakeman not noticing any cessation of speed as the plaintiff covered the distance before the impact, in his hitting of the rear side of the 59' 2" front engine, in a speed tape used on the engine but not by the defendants produced, in the driver's ability to have cleared the intersection if the speed of the train had been reduced so as to have allowed him less than one second of time, and on the whole a permissible inference, not compelling however, that the crew could have anticipated the driver's conduct, and by slight pressure of brakes could have provided the extra fractional second needed for escape.

That record while specifically insufficient on what degree of care the

1. " * * * Under this doctrine a plaintiff who has negligently placed himself in a position of imminent peril and is either unconscious of the situation or unable to avoid the danger, or both, *may nevertheless recover damages of the defendant who negligently inflicts the injury if the defendant could have avoided the injury after discovering the plaintiff's* *peril.* (emphasis supplied) Kansas City Southern Railway Co. v. Ellzey, 275 U.S. 236, 48 S.Ct. 80, 72 L.Ed. 259; Linde Air Products Company v. Cameron, 4 Cir., 82 F.2d 22; Wheelock v. Clay, 8 Cir., 13 F.2d 972; Walker v. East St. Louis & S. Ry. Co., 8 Cir., 25 F.2d 579; Smith v. Gould, 110 W.Va. 579, 159 S.E. 53, 92 A.L.R. 28, and note."

304

crew should have observed, is nevertheless such as to permit inferences on the plaintiffs' claims that they were within the doctrine sought to be applied, one permissible assumption by the crew that the driver even at his speed would stop since he could have within the short designated distance and another that his great speed was for the purpose of making it across before the train arrived.

With such alternatives it was for the crew under the doctrine not to elect on the stopping but instead on the possibility of the other and to have prevented the injuries by a slowing down to the extent of giving the car the extra fractional second it had to have to avoid the accident.

Without any evidence in the record that the crew resorted to a slower speed, on the contrary, that they didn't and that omission conceivably having been the proximate cause of the injuries, not conclusive however as a matter of law, but a fact issue to be resolved in the course of a trial, it is for the court to have the motion denied.

Accordingly, it is ordered that the defendants' motion for summary judgment, be, and it is hereby denied.